Curtis & another *v.* Hubbard.

## SAMUEL S. CURTIS & another *vs.* JANE HUBBARD.

A. subscribed this instrument: "1 guaranty the payment of the amount of a bill of mer chandize, purchased of C. by B.," on a former day, " and of all further sums which B may owe C. for goods which he may sell B. on six months' credit,· provided that the whole amount, which B. shall owe C. at one time, shall not exceed $2000; it being the understanding, that I am in no event to be liable for more than that sum : And in case said B. shall fail punctually to pay said C. any sum which may become due to him, I am to have ninety days, after demand in writing is made on me under this guar- anty, to pay the amount for which he may be so in default, with interest: And this guaranty is upon the condition that said C. shall, once in every eight months from the date hereof, give me notice, in writing, of the state of said B.'s account with him :" C. took B.'s negotiable note, for the merchandize sold to him before the date of the above guaranty, dated on the day of the sale thereof, payable in six months, and also a like note of B. for the amount of one other bill of merchandize afterwards· sold to him ; but these notes were not negotiated: B. bought other merchandize of C., at different times, on six months' credit, but failed to pay even the amount of his first note: C. sent to A. a copy of B.'s account, in which all the items of debit and credit, up to the time it was so sent, were stated, including some charges for which A. was not liable, and gave A. written notice, at the same time, that said copy was sent in conformity to one of the conditions of the guaranty : C. afterwards sent a letter to A., giving notice that B. had failed to pay for the goods sold to him on the strength of the guaranty, demanding payment of A., and stating that his account against B. had been previously sent to A : After the expiration of ninety days from the delivery of this letter, C. commenced an action against A., on the guaranty.

*Held,* that the taking of B.'s notes by C. did not discharge A. from liability to pay for the merchandize for which the notes were given. *Held also,* that A. had sufficient notice of B.'s account with C., and of the amount for which B. was in default, and of the items for which A. was liable on the guaranty.

ASSUMPSIT on the following instruments :

" Boston, July 13th 1839. Whereas Messrs. Curtis & Mei- riam have, at my request, consented to sell goods to my son William Hubbard, on a credit of six months ; now, in con- sideration thereof, and of one dollar to me paid by them, I guaranty the payment of the amount of a bill of merchandize purchased of them by said William, under date of the 10th of July instant, and of all further sums which he may owe them for goods which they may sell him as aforesaid ; pro- vided that the whole amount which he shall owe them, at any one time, shall not exceed eleven hundred dollars ; it be- ing the understanding that I am in no event to be liable for more than that sum : And in case said William shall fa.l punctually to pay said Curtis & Merriam any sum which may

become due to them, I am to have ninety days, after demand in writing is made on me under this guaranty, to pay the amount for which he may be so in default, with interest : And this guaranty is upon the condition that said Curtis & Merriam shall, once in every eight months from the date hereof, give me notice, in writing, of the state of said William's account with them ; and further, that I shall not be liable for any goods which may be purchased after I shall give notice, in writing, that this guaranty is to cease. Jane Hubbard."

"Boston, October 28th 1839. Whereas Messrs. Curtis & Merriam have, at my request, consented to sell goods to my son William Hubbard, on a credit of six months ; now, in consideration thereof, and of one dollar to me paid by them, I guaranty to them the payment of nine hundred dollars, in addition to my obligation to them of eleven hundred dollars, dated July 13th 1839 ; it being the understanding that I am in no event to be liable for more than two thousand dollars in all, upon the same conditions as expressed in my obligation of July 13th 1839. Jane Hubbard."

After the declaration was adjudged to be bad, (6 Met. 186,) it was amended, and the case was submitted to the court on a statement of facts, with power to draw all inferences which a jury would be warranted in drawing from the evidence. This statement was as follows :

The action was commenced on the 11th of March 1841. The plaintiffs sold and delivered to said William Hubbard, on credit of six months, sundry parcels of goods, at sundry times, as per account copied in the margin of the next page.* For the amounts of the bills of July 10th and October 30th 1839, said William's notes were taken at the times of the sales, payable to the plaintiffs, or order, in six months from said dates, with interest after ; and for the said bills receipts were given, at foot of the bills, signed by Curtis & Merriam, as follows ; viz. for that of July 10th, "received payment by note at six months ;" and for that of October 30th, "received note at six months." These two notes have ever remained in the hands of the plaintiffs, unpaid, except so far as sundry payments,

made by said William, and credited in said account in the margin, have been or should be applied to reduce them. The said William directed the first three items of credit, in said account, to be indorsed on his note of July 10th, at the time of payment; but no directions were given by him as to the appropriation of the other sums paid; nor was any appropriation of them made by the plaintiffs, other than by a general credit in account. The books of the plaintiffs show that

\* William Hubbard to Curtis & Merriam . . . Dr.

| 1839. | | |
|---|---|---|
| July 10. | To note at six months, . . . . . . . . . . . . | $1019·61 |
| Aug. 3. | Merchandize, per bill, six months, . . . . . . . | 235·75 |
| Sep. 17. | Merchandize, " " " . . . . . . . | 71·16 |
| Oct. 3. | Merchandize, " " " . . . . . . . | 3·00 |
| " 30. | Note, " " . . . . . . . . | 1969·29 |
| " 31. | Merchandize, " " " . . . . . . . | 4·75 |
| Nov. 22. | Cash for policy of insurance, . . . . . . . . | 8·00 |
| Dec. 21. | do. expense of sending to Gloucester for goods wrecked there, . . . . . . . . . . . | 3·50 |
| 1840. | | |
| June 12. | Merchandize, . . . . . . . . . . . . . . . | 182·82 |
| " 13. | Merchandize, . . . . . . . . . . . . . . . | 12 49 |
| July 16. | Merchandize, . . . . . . . . . . . . . . . | 12·69 |
| | Balance of interest to Jan. 17 1841, . . . . . . . . | 125·79 |
| | | 3654·85 |

Contra, . . . Cr.

| 1839. | | | |
|---|---|---|---|
| Oct. 3. | By cash, . . . . . . . . . . . | $160·00 | |
| " 19. | " " . . . . . . . . . . . . . | 99·85 | |
| " 31. | " " . . . . . . . . . . . . . | 47·75 | |
| 1840. | | | |
| June 12. | " " . . . . . . . . . . . . . | 115·00 | |
| July 9. | " " . . . . . . . . . . . . . | 240·00 | |
| " 10. | " " . . . . . . . . . . . . . | 189·55 | 852·15 |
| | | | $2802·70 |
| | Deduct goods returned, bo't Oct. 30 1839, . . | $225·04 | |
| | Less per agreement, . . . . . . . . | 25·04 | |
| | | 200·00 | |
| | Add for error in casting in bill Oct. 30 1839, . | 30·34 | |
| | | 169·66 | |
| | Balance of interest in your favor to June 17 1841, | 7·28 | 176·94 |
| | | | 2625·76 |
| 1841. | | | |
| Jan. 1. | By cash rec'd of T. Nevins on your account, . . . | | 93·50 |
| | | | $2532·26 |

these notes were taken for the amount of said two sales ; and then, according to the mode of the plaintiffs, the " notes " are posted to the leger, instead of " merchandize," as is done in the other cases, where no notes were taken.   The said William paid the plaintiffs the divers sums credited in the said account, at the times therein stated ; and on the 1st of January 1841, the plaintiffs received the further sum of $93·50, for which he is credited.

The said William Hubbard is dead, and no administration has been taken on his estate.   On the 15th of February 1840, the plaintiffs caused the following letter to be delivered to the defendant :  " Mrs. Jane Hubbard :  In conformity to one of the conditions of the guaranty you gave us for goods sold to your son William, we now annex a copy of his account. Respectfully, your obedient servants,   Curtis & Merriam."

On the same page with this letter was a copy of the first eight items of charge, and the first three items of credit, as stated in the foregoing account in the margin ; the balance against said William being $3013·40.

On the 12th of October 1840, the plaintiffs delivered to the defendant a copy of their account against said William, which was like the foregoing account in the margin, except that it omitted the words " six months " on a line with the charges, and also omitted the charge of $125, " balance of interest to January 17th 1841," and all that followed the balance therein stated, after crediting the six payments made by said William ; the balance against said William being $2676·91. Accompanying this copy the defendant received this letter : " Madam :  Above, we hand you a copy of your son William's account, in conformity to one of the conditions of your guaranty.   Respectfully yours,        Curtis & Merriam."

On the 17th of the same October, the plaintiffs delivered to the defendant another letter, as follows :   " Boston, October 17 1840.   Mrs. Jane Hubbard :  Your son William having failed to pay us for goods sold him on the strength of your guaranty of July 13th and October 28th, 1839, we hereby notify you that we now look to you for the payment of the

same, and that the ninety days' notice, required to be given you, commences from this date. Our account against him was sent you on the 12th instant. Respectfully, your obedient servants,                                    Curtis & Merriam."

Deducting the two items of charge in the plaintiffs' account against said William, under dates of November 22d and December 21st 1839, (for which it is admitted that the defendant is not liable,) the balance due and payable on the 17th of October 1840, from said William to the plaintiffs, on the foregoing account in the margin, without interest, and including the two bills for which notes were taken, exceeded two thousand dollars.

Defendant to be defaulted, if she is liable to the plaintiffs, and judgment to be rendered for such sum as they are entitled to recover; otherwise, the plaintiffs to be nonsuit.

*English*, for the plaintiffs. The construction of the defendant's guaranty has already been settled; 6 Met. 186; and the question now is, whether she has had due notice, by the plaintiffs' letter of October 17th 1840, that her son had failed to pay, or was in default. It was not necessary that she should be informed that demand of payment had been made on her son. The strictness as to notice to indorsers of notes and bills is not applicable to guarantors. The notice informed her how much her son had bought, how much he had paid, and how much he had owed for more than six months. The reference, in the letter of October 17th, to the statement of the account in the letter of the 12th, was tantamount to an insertion of the account in the latter letter.

The notes taken by the plaintiffs, though negotiable, did not operate as payment *pro tanto*. The taking of such notes is only presumptive evidence of payment, which may be rebutted by proof that such was not the intention. And it cannot be supposed that the plaintiffs intended to rely on the notes, and to release the defendant. Where there is collateral security, taking a note does not operate as payment. *Butts* v. *Dean,* 2 Met. 76. *Sturges* v. *Robbins,* 7 Mass. 301. *Duval* v. *Trask,* 12 Mass. 154. *Reed* v. *Upton,* 10 Pick. 522.

Curtis & another *v.* Hubbard.

*Babcock* v. *Bryant,* 12 Pick. 133. *Watkins* v. *Hill,* 8 Pick. 522.

*W. J. Hubbard,* for the defendant. The defendant is not liable for the goods for which the plaintiffs took her son's negotiable notes. She did not engage to be liable on notes that might go into the hands of third persons ; and the cases cited for the plaintiffs do not support the claim now made on the defendant. She engaged only for debt on account, not exceeding $2000.

The demand on the defendant should have been for the sum for which she was liable, and should, on its face, have informed her of the exact amount. The reference, in the letter of October 17th, to the account previously sent to her, if of the same effect as though it had been inserted, did not inform her of the exact amount for which she was liable. She could not know that the notes referred to in the account were given for goods bought by her son. The account showed a credit to her son, to the amount of the notes. If she is to be charged in this action, the provision, in her guaranty, that she should have notice, once in every eight months, of the state of her son's account, is nullified. Part of the items in the account sent to her were not of six months' standing, and she could not be liable for them.

*Gardiner* replied.

SHAW, C. J.* The declaration in this case having been amended, it now comes before the court on an agreed statement of facts. The main objection relied on is, that the defendant's guaranty was a stipulation to be collaterally responsible to the plaintiffs for the payment of goods sold to her son, on six months' credit ; that the plaintiffs took the notes of the son, in some instances, at six months ; that such notes operated as a payment and discharge of the debts for goods sold, and so the defendant is not liable on her guaranty. It also appears that the notes remained in the hands of the plaintiffs, and had never been indorsed or negotiated.

The court are of opinion that this objection cannot pre

---

* *Hubbard,* J. did not sit in this case.

vail. The rule adopted in Massachusetts, that a negotiable promissory note, given for a simple contract debt, shall be deemed payment, is to be taken with considerable qualification. It is founded on the consideration, that when a note is given for goods, even if it is not negotiated, it is equally convenient to the creditor (and generally more so) to sue on the note, as on the original consideration, and so there is no reason for considering the original simple contract as still subsisting and in force; and therefore a presumption arises, that it was intended by the parties that the note should be deemed a satisfaction. But this is a presumption of fact, which may be rebutted by evidence showing that it was not so intended; and the fact, that such presumption would deprive the party who takes the note of a substantial benefit, has a strong tendency to show that it was not so intended. *Maneely* v. *M'Gee*, 6 Mass. 143. In a recent case, where a bond was given, conditioned to secure a balance of account, and a promissory note was afterwards given for the balance of the account, it was held not to be an extinguishment. *Butts* v. *Dean*, 2 Met. 76. So where a note was given for the amount of goods sold, the note was not considered as satisfaction and payment for the goods. *Thurston* v. *Blanchard*, 22 Pick. 18.

But this case, submitted to the court both as to law and fact, is not without evidence that the defendant so understood it. The first guaranty, dated July 13th 1839, recites the consent of the plaintiffs to sell goods to her son, on credit of six months, and guaranties payment of a bill of goods, then recently purchased, viz. on the 10th of July. And yet a note, one of the notes now in question, had then been given for the same goods, which she, by reciting the contract, must be taken to have known. She then guarantied the payment for goods, though a note had been given for them, and recognized the understanding of the parties, that, in their dealings, taking a note was not intended to extinguish the debt for the goods sold, till payment of the note.

We think there is no ground for the objection, that the notice to the defendant was not sufficiently full and precise,

as to the items of the amount due. The letter of October 17th, giving that notice, refers to the notice of the 12th, with the account enclosed, stating the items on both sides, and the balance; and this afforded her all the information necessary.

[After this opinion was delivered, the parties agreed on the sum for which judgment should be rendered.]